UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 1:26-cr-16 |
| v. | ) | |
| | ) | JUDGES ATCHLEY/DUMITRU |
| SEBASTIAN PEREZ-GOMEZ | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee; the defendant, Sebastian Perez-Gomez; and the defendant's attorney, J. Everett Hoagland, have agreed upon the following:

1. The defendant will plead guilty to Count One in the Information, which charges the defendant with knowingly and willfully reentering the United States without the prior express consent of the Secretary of Homeland Security after having been previously removed from the United States, in violation of 8 U.S.C. § 1326(a). The punishment for this offense is a term of imprisonment of up to two years, a term of supervised release of up to one year, a fine of up to $250,000, and a $100 special assessment. Removal from the United States is also a likely consequence of this offense.

2. There are no remaining counts pertaining to the defendant in the Information.

3. The defendant has read the Information, discussed the charge and possible defenses with defense counsel, and understands the crime charged. Specifically, the elements of the offense are as follows: (1) the defendant is an alien, (2) the defendant was previously removed from the United States, (3) the defendant

thereafter entered, attempted to enter, or was found in the United States, and (4) the defendant did not have the prior express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission into the United States.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence.

   a. The defendant is a citizen and national of Mexico and is not a citizen or national of the United States.

   b. On or about May 10, 2000, the defendant entered the United States at or near Nogales, Arizona, without being admitted or paroled by an immigration officer. The defendant was apprehended by immigration authorities on or about October 3, 2007, and was found to be inadmissible to the United States. On or about October 30, 2007, an immigration judge ordered the defendant removed from the United States. That same day, the defendant was physically removed from El Paso, Texas, to Mexico.

   c. After being removed, the defendant reentered the United States without obtaining the prior express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission. On or about February 18, 2026, the defendant was found within the Eastern District of Tennessee.

2

Case 1:26-cr-00016-CEA-MJD   Document 12   Filed 03/04/26   Page 2 of 8   PageID #: 18

d.  The defendant admits that he is an alien who was previously removed from the United States, that he thereafter reentered the United States without the prior express consent of the Attorney General or the Secretary of Homeland Security, and that he was found in the Eastern District of Tennessee on or about February 18, 2026.

5.  The defendant is pleading guilty because the defendant is, in fact, guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a.  the right to plead not guilty;

    b.  the right to a speedy and public trial by jury;

    c.  the right to assistance of counsel at trial;

    d.  the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e.  the right to confront and cross-examine witnesses against the defendant;

    f.  the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g.  the right not to testify and to have that choice not used against the defendant.

6.  The parties agree that the appropriate disposition of this case would be the following as to Count One:

    a.  Under *Federal Rule of Criminal Procedure* 11(c)(1)(C), the United States and the defendant agree that a sentence of 15 months' imprisonment, followed by a lawful term of supervised release, is the appropriate disposition in this

case;

    b.    The United States and the defendant also agree that the Court may impose any lawful fines and any special assessment fees as required by law, and order forfeiture as applicable and restitution as applicable; and

    c.    If the Court declines to accept this agreement, either party is free to withdraw from the plea agreement.

7. The defendant agrees to pay the special assessment before sentencing.

8. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. To facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those

4

held by a spouse, nominee, or other third party. The defendant also agrees to the following terms and conditions:

    a.    If requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b.    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c.    If requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

9. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

    a.    The defendant will not file a direct appeal of the defendant's conviction or sentence.

    b.    The defendant will not file any motions or pleadings under 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c. The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

10. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including their attorney or the Court, can predict with certainty the effect of the defendant's conviction on immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences the plea may entail, even if those consequences include automatic removal from the United States.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement (including failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state, or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever

6

parts of the agreement it chooses. In addition, the United States may prosecute the defendant for all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute-of-limitations defense and any constitutional or speedy-trial or double-jeopardy defense. The defendant also understands that a violation of this plea agreement does not entitle the defendant to withdraw the defendant's guilty plea(s).

12. The United States will file a supplement as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all parties and that all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

7

|  |  |  |
|---|---|---|
| March 4, 2026 | | FRANCIS M. HAMILTON III, |
| Date | | UNITED STATES ATTORNEY |
| | By: | *(signature)* |
| | | RUSS SWAFFORD |
| | | Assistant United States Attorney |
| 3/4/26 | | *(signature)* |
| Date | | SEBASTIAN PEREZ-GOMEZ |
| | | Defendant |
| 3/4/26 | | *(signature)* |
| Date | | J. EVERETT HOAGLAND |
| | | Attorney for the Defendant |